STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

KENT T. STAUFFER
EXECUTIVE DEPUTY ATTORNEY GENERAL
DIVISION OF STATE COUNSEL

LISA R. DELL
ASSISTANT ATTORNEY GENERAL IN CHARGE
LITIGATION BUREAU

April 18, 2014

Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

Re:  **AIG v. Department of Financial Services and Benjamin M. Lawsky, 14 CV 2355 (AJN)**

Dear Judge Nathan:

      This Office represents the New York State Department of Financial Services (the "Department")[1], and Benjamin Lawsky as Superintendent of Financial Services (collectively, the "State Defendants"), in the above referenced matter.  We write in response to plaintiff AIG's letter of April 15, 2014 in which AIG requests a pre-motion conference concerning its intention to file a letter-motion for an accelerated preliminary pretrial conference.

      We also write to clarify certain misstatements made by AIG and to respectfully request that the Court set a briefing schedule for the State Defendants' intended motion to dismiss pursuant to Fed. R. Civ. P. 12(b), which should be considered before proceeding to the merits of AIG's case.

      Contrary to the assertions in AIG's letter, neither the State Defendants nor this Office had the opportunity to meet and confer with AIG on its present request for an accelerated pretrial conference, nor was any such request even made.  Plaintiff has never proposed any expedited schedule for resolving this action to the State Defendants or their counsel and therefore no "meet and confer" on the issue of an accelerated briefing schedule ever occurred.  In fact, on Tuesday April 15, we had a meet and confer scheduled with AIG for 5:00 p.m., and just minutes prior to the call AIG filed its request with the Court.  The State Defendants' intent for the meet and confer was to discuss a briefing schedule for their motion to dismiss, their pending request for an

---

[1] This action is barred by the Eleventh Amendment to the United States Constitution as against the Department, and the State Defendants therefore request that plaintiff voluntarily dismiss all claims against the Department without requiring unnecessary briefing on the issue.

1

additional two weeks to make their motion, and AIG's request for a short adjournment of its testimony in the administrative investigation.  Due to their receipt of the letter, the State Defendants cancelled the scheduled call.

In light of the State Defendants' intention to move to dismiss the complaint, both for lack of jurisdiction of the federal court over this matter and the failure of the allegations in the complaint to state a claim, AIG's request for an accelerated conference and an expedited briefing schedule on the merits of the case are premature and would not serve the interests of judicial economy because any conference and briefing schedule would be moot if the Court were to grant the State Defendants' motion.  In addition, in the event the Court were to deny the motion to dismiss, the State Defendants will seek discovery of AIG prior to briefing the merits and any summary judgment motions.

AIG's goal of stopping the Department's investigation and the state administrative process is evident from discussions between the parties during which AIG proposed to the Department that AIG would forego its intended motion for a preliminary injunction if the Department were to agree to certain concessions regarding its ongoing investigation and any administrative hearing it might notice. AIG ultimately agreed to forego filing a preliminary injunction motion even though the Department refused to stay its administrative process. During the parties' discussions, they reached the following agreements in principle:

- The State Defendants' time to respond to the Complaint including by filing their intended motion to dismiss was extended from April 25 to May 9.  AIG was to respond to the State Defendants on their request that the time to respond be further extended to May 23.  On April 15, prior to filing its letter to the Court, AIG's counsel informed the State Defendants that AIG was considering our pending request and that they would get back to us as soon as possible.  We still have not received a response to that request.

- AIG will forego moving for a preliminary injunction in exchange for the Department's agreement to give AIG five business days notice before initiating any administrative hearing and an additional 20 days notice after giving notice of any such hearing.  AIG further agreed that it would not seek legal relief during that 5-day period.

- The Department is amenable to a short adjournment of AIG's testimony, currently scheduled for May 6 pursuant to a *subpoena ad testificandum,* to be further discussed by the parties.[2]

Given that AIG offered and agreed to forego a motion for preliminary injunction, it waived its opportunity to argue that it continues to suffer "irreparable harm" from the Department's investigation during the pendency of this action.  If AIG truly faced irreparable harm, it would have filed a motion for a temporary restraining order and order to show cause when it filed the complaint or, at the very least, moved for a preliminary injunction in the weeks since then. It is further difficult to comprehend what irreparable harm AIG faces and why

---

[2] These terms are set forth in an April 14, 2014 email exchange between Elizabeth Prickett-Morgan of this Office and William Burck of Quinn Emanuel.  The State Defendants planned to finalize and memorialize the terms in a stipulation.

acceleration is needed since AIG sold the business at issue to MetLife in 2010. As for AIG's assertion that it has had no opportunity to be heard and no chance to confront witnesses or challenge the evidence against it, it will have that opportunity if and when the Department decides to initiate an administrative proceeding once it concludes its investigation[3].

  Furthermore, AIG's position that being under investigation by the Department itself constitutes irreparable injury is meritless. AIG, is a holding company as defined in New York Insurance Law § 1501 and, as such, is subject to the regulatory authority of the Department, which includes an obligation to cooperate with such investigations. For all its overheated rhetoric, AIG has not identified a single concrete bad consequence of allowing the Department's investigation to proceed to its natural conclusion.

  For all of the foregoing reasons, the State Defendants respectfully request that their time to respond to the complaint be adjourned to May 23, 2014, that plaintiff's time to oppose the State Defendants' motion be set for June 13, 2014, and the State Defendants' time for reply be set for July 8, 2014, and further request that the Court instruct them as to whether and when they should exchange pre-motion letters on that motion, given that the SDNY Pilot Project rules governing this action provide for several possibilities. The State Defendants further request that the initial scheduling conference under Fed. R. Civ. P. 16 be set for some time after the State Defendants' motion to dismiss the complaint has been served.

            Respectfully submitted,

            /s/

            Elizabeth Prickett-Morgan
            Assistant Attorney General

cc:  All counsel of record (by ECF)

---

[3] AIG's claim that it has been informed by the State Defendants that the only statute applicable to AIG's conduct now under investigation is Insurance Law § 1102 is also false. The investigation is ongoing, no final determinations have been made, and the State Defendants may at the culmination of the investigation charge AIG with violation of any statute or regulation that is applicable to the conduct ultimately determined to have occurred.