**quinn emanuel** trial lawyers | washington, dc

777 Sixth Street NW, 11th Floor, Washington, District of Columbia 20001-3706 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
(202) 538-8120

WRITER'S INTERNET ADDRESS
williamburck@quinnemanuel.com

April 21, 2014

Hon. Alison Nathan
United States District Judge
U.S. District Court for the Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Re: **AIG v. Department of Financial Services and Benjamin M. Lawsky, 14-cv-2355**

Dear Judge Nathan:

As Plaintiff AIG's counsel in the above-referenced case, we write solely to respond to certain representations made in Defendants' letter of Friday, April 18, 2014. We do not address herein the merits of the positions taken by Defendants, as we understand that the Pilot Project rules do not provide for a reply. We believe certain statements in Defendants' letter reflect a misunderstanding of discussions that occurred between the undersigned and Defendants' counsel.

First, contrary to Defendants' contention, AIG's counsel, on at least two occasions during our discussions with Defendants' counsel concerning AIG's potentially moving for injunctive relief, including Friday April 11 and Sunday April 13, 2014, informed Defendants' counsel that AIG intended to seek an accelerated pre-trial conference. On both occasions, it was our understanding that Defendants' counsel acknowledged AIG's intention to do so. At no point in our discussions did we advise otherwise. Second, and related to the first point, AIG specifically advised Defendants' counsel that AIG agreed to forego seeking permission to file for a preliminary injunction at this stage of the proceedings in light of Defendants' corresponding agreement to provide AIG prior notice of any charge and subsequent hearing, at which point AIG would be free to pursue such relief. The suggestion that AIG somehow waived its claim of irreparable harm is baseless. Third, Defendants suggest that adjournment of the return date on their subpoena *ad testificandum* was part of the parties' agreement to extend Defendants' time to answer the complaint to May 9, 2014. We respectfully disagree with this characterization, as Defendants directly informed AIG's counsel that an adjournment would be acceptable to them subject to further discussion of a new date, but it was in no way conditioned on AIG's agreeing to an extension of time to answer the complaint to May 9, 2014. Independent of discussions concerning adjourning the subpoena's return date, AIG had agreed to Defendants' request for an

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

extension to May 9, and we stand by that agreement. <u>Fourth</u>, Defendants purport to have scheduled, and then cancelled, a meet and confer call on Tuesday, April 15, 2014. AIG's counsel was never informed by Defendants or their counsel that they understood this to be the purpose of the call. Indeed, the call came about as a result of AIG's counsel requesting, directly to Defendants (who had offered an extension on the subpoena *ad testificandum*) and not counsel, a three-week adjournment of the return date of the subpoena *ad testificandum*. A call was subsequently set up solely, as AIG's counsel understood it, to discuss a new return date, but Defendants then unilaterally cancelled the call without explanation.

Respectfully submitted,

William A. Burck

cc: Elizabeth Prickett-Morgan, Esq.
Elizabeth Forman, Esq.