STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

KENT T. STAUFFER
EXECUTIVE DEPUTY ATTORNEY GENERAL
DIVISION OF STATE COUNSEL

LISA R. DELL
ASSISTANT ATTORNEY GENERAL IN CHARGE
LITIGATION BUREAU

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 1 4 2014

May 13, 2014

**By ECF**
Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

Re:  **AIG v. Department of Financial Services and Benjamin M. Lawsky, 14 CV 2355 (AJN)**

Dear Judge Nathan:

This Office represents the New York State Department of Financial Services (the "Department"), and Benjamin Lawsky as Superintendent of Financial Services (collectively, the "State Defendants"), in the above referenced matter. We write to request an expansion of the Court's page limit for the State Defendants' motion to dismiss the complaint of plaintiff ("AIG"), from thirty-five to forty-five pages. We previously requested an expansion to forty pages before the Court on April 28, 2014.

This action challenges the Department's current and ongoing investigation of AIG for violations of the New York Insurance Law. In light of the status of the investigation, and the State's policy interest in this matter, the State Defendants' motion to dismiss will address subject matter jurisdiction (Article III standing, ripeness, and the Eleventh Amendment), as well as three abstention doctrines and two prudential doctrines pursuant to which the Court should refrain from exercising federal jurisdiction. In the alternative, as also briefly discussed in the recent scheduling conference, the motion seeks dismissal pursuant to Rule 12(b)(6), for failure to state a claim, of each of the three constitutional causes of action asserted in the Complaint: that the challenged statutes as applied to AIG are void for vagueness and violate the due process clause, violate the First Amendment, and are inconsistent with the requirements of the dormant Commerce Clause.

Addressing the jurisdictional, prudential, and constitutional issues in the motion to dismiss, as well as explaining the extensive state-law statutory and regulatory framework

1

underlying this action, and the Department's current investigation of AIG, has proven to be extremely difficult in the allotted thirty-five pages. We have made every effort to comply with the Court's current page limit; however, we are concerned that information central and useful to the Court's consideration of the issues will be omitted or truncated in order to remain within that limit.

So ordered.

The State Defendants therefore respectfully request an expansion of the Court's page limit for their motion to dismiss to forty-five pages, with a corresponding increase in plaintiff's page limit for its opposition papers.

Respectfully submitted,

/s/

Elizabeth Prickett-Morgan
Assistant Attorney General

cc:   All counsel of record (by ECF)

So Ordered.   5/14/14

[signature]

2